UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN, | No. 2:16-cv-2030-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A AND RECOMMENDATION TO DENY MOTION FOR INJUNCTIVE RELIEF |
| JAMES TELANDER, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and has filed a motion for a preliminary injunction.

**I.    Request to Proceed In Forma Pauperis**

    Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.   Screening Order**

Liberally construed, and for the limited purposes of § 1915A screening, the second amended complaint[1] states potentially cognizable Eighth Amendment claims of deliberate

---

[1] Plaintiff has filed three complaints in this action. ECF Nos 1, 5, & 8. In screening this action, the court looks exclusively to the most recent second amended complaint (ECF No. 8). *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that an amended pleading supersedes the original).

2

indifference to mental health needs against defendants Kentner, Romano, Blain, Jerusik, Wallis, Telander, Farris, and Coffin, all of whom allegedly refused to provide plaintiff with medical/mental health treatment in response to plaintiff's threats of self-harm, notwithstanding plaintiff's history of attempted suicide. As discussed below, the other named defendants and claims are dismissed with leave to amend for failure to state a claim and/or improper joinder.

First, the complaint fails to state a cognizable claim against defendants Lowry, Yanez, Pickering, or Carr.[2] To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). He must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation. Although the Federal Rules adopt a flexible pleading policy, plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Here, plaintiff names Lowry and Yanez as defendants, but includes no factual allegations against them. He also names Pickering, and Carr as defendants, but includes only a conclusory allegation that they "refused to abide by CDC's policy to provide adequate medical and mental health services." ECF No. 8 at 13. Plaintiff may not proceed on any claims against these defendants because the complaint fails to adequately link them to any federal constitutional or statutory violation of his rights.

---

[2] In addition, the complaint improperly names "Mule Creek Medical Staff" and "Mule Creek Correctional Staff" as defendants. Unknown persons cannot be served with process until they are identified by their real names and that the court will not investigate the names and identities of unnamed defendants

Second, plaintiff improperly asserts claims that are unrelated to the potentially cognizable Eighth Amendment claims he asserts against defendants Kentner, Romano, Blain, Jerusik, Wallis, Telander, Farris, and Coffin. Specifically, the complaint alleges: (1) that on October 29, 2015, plaintiff was subjected to an unreasonable body cavity search; and (2) that on February 25, 2016, a laptop computer containing plaintiff's personal information was stolen from the vehicle of a medical employee. The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). These unrelated claims, which involve different defendants, must be brought in separate lawsuits.[3]

Third, plaintiff fails to state a cognizable Eighth Amendment deliberate indifference claim against defendant Ivey, plaintiff's primary mental health doctor. ECF No. 8 at 9. Plaintiff claims that during one of their sessions, when plaintiff was having difficulty communicating due to depression and anxiety, Ivey became frustrated and told plaintiff, "I can't take you seriously." *Id.* This isolated remark, without more, is not enough to demonstrate deliberate indifference to plaintiff's serious mental health needs in violation of the Eighth Amendment.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton

---

[3] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)).

Based on the foregoing, plaintiff may either proceed only on the potentially cognizable Eighth Amendment claims against defendants Kentner, Romano, Blain, Jerusik, Wallis, Telander, Farris, and Coffin identified above or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

/////

1    It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

2    Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*
3    *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

4    Any amended complaint must be written or typed so that it so that it is complete in itself
5    without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended
6    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
7    earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
8    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
9    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
10   1967)).

11   The court cautions plaintiff that failure to comply with the Federal Rules of Civil
12   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
13   *See* E.D. Cal. Local Rule 110.

14   **IV.    Motion for Preliminary Injunction**

15   Plaintiff seeks a preliminary injunction in the form of a court order that would prevent
16   defendants Ivey and Jerusik from being assigned to plaintiff as his primary case manager or
17   clinician. ECF No. 2. However, he fails to meet the minimum threshold for merit to satisfy the
18   standard for a preliminary injunction.[4] At an irreducible minimum, he must demonstrate that
19   there is at least a fair chance of success on the merits. *Johnson v. California State Board of*
20   *Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press*
21   *International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, the claim against
22   defendant Ivey is dismissed, and although the complaint states a potentially cognizable claim
23   against defendant Jerusik, plaintiff has not shown any likelihood of success on the merits of that

---

[4] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc*., ––– U.S. –––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

claim. Accordingly, plaintiff's motion must be denied.

## V. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 3) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment claims of deliberate indifference to mental health needs against defendants Kentner, Romano, Blain, Jerusik, Wallis, Telander, Farris, and Coffin. All other claims and defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

4. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the September 27, 2016 second amended complaint, eight USM-285 forms and instructions for service of process on defendants Kentner, Romano, Blain, Jerusik, Wallis, Telander, Farris, and Coffin. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and nine copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>JAMES TELANDER, et al.,<br><br>            Defendants. | No.  2:16-cv-2030-JAM-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the claims identified in the Screening Order as potentially cognizable Eighth Amendment claims of deliberate indifference to mental health needs against defendants Kentner, Romano, Blain, Jerusik, Wallis, Telander, Farris, and Coffin, and submits the following documents:

          1    completed summons form

          8    completed forms USM-285

          9    copies of the September 27, 2016 second amended complaint

OR

(2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:                                                                  _____

                                                                                                                       Plaintiff