UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN, | No. 2:16-cv-2030-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JAMES TELANDER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 21, 2017, the court determined that plaintiff's Eighth Amendment claims of deliberate indifference to mental health needs against defendants Kentner, Romano, Blain, Jerusik, Wallis, Telander, Farris, and Coffin were cognizable. ECF No. 10 at 2-3. Now, these defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 18) arguing that plaintiff failed to exhaust his administrative remedies before filing this suit. Plaintiff filed an opposition (ECF No. 19) and defendants have declined to file a reply in the allotted time. After review of the relevant pleadings, the court recommends that defendants' motion to dismiss be denied.

**I.     Legal Standards**

    **A.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to

1

state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**B.     Dismissal for Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S.

731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Because such motions often depend upon consideration of documents extrinsic to the complaint, dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id*. at 1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id*. at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id*. at 1166.

## II.     Analysis

Defendants argue that plaintiff, by way of his second amended complaint, has admitted that he failed to fully exhaust claims II through VIII. ECF No. 18 at 6. They claim that the second amended complaint indicates that plaintiff didn't even attempt to exhaust these claims. *Id.* Plaintiff disputes that he admitted to not exhausting claim VIII, but otherwise concedes that he did not 'individually' exhaust claims II-VII. ECF No. 19 at 6-7. He claims, however, that he did fully exhaust claim IX, which subsumes and consolidates these previous claims.[1] *Id.* at 7. In their motion, defendants argue that claim IX refers only to the acts and omission of Drs. Carr and Pickering, neither of whom was listed as a defendant to this action. ECF No. 18 at 5. Plaintiff contends that this interpretation of the complaint is incorrect and that claim IX refers not only to Carr and Pickering, but also to the allegations against the named defendants in claims II-VIII. ECF No. 19 at 7-8.

/////

---

[1] Plaintiff also claims that claim IX incorporates claim I which concerns his Fourth Amendment rights. ECF No. 19 at 7. His Fourth Amendment claim, however, was dismissed on screening. ECF No. 10 at 4.

3

1    First, whether plaintiff exhausted claim VIII is ultimately irrelevant because the court dismissed this claim as improperly joined. *See* ECF No. 8 at 12; ECF No. 10 at 4. Turning to claims II-VII, the court notes that the second amended complaint does indicate that each of these claims was not individually exhausted before this suit was filed. ECF No. 8 at 7-11. However, in light of plaintiff's contention that he consolidated these claims as part a broader grievance that *was* exhausted, the court concludes that dismissal of these claims would not be appropriate on a motion to dismiss. Critically, none of the relevant grievance record is before this court. As such, it is impossible to determine whether: (1) the grievance submitted in connection with claim IX was actually fully exhausted; and (2) to the extent that grievance was exhausted, whether it covers all, some, or none of the other relevant claims. It is significant that failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). Where the plaintiff's complaint itself does not clearly demonstrate a failure to exhaust available remedies, the defendant must present relevant evidence that "demonstrate[s] that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). Defendants have not done so here, nor could they. Defendants have raised this defense by way of a Rule 12(b)(6) motion which confines the court to the allegations of the complaint. To present evidence or documents extrinsic to the complaint, defendant must proceed under Rule 56.

Based on the foregoing, the court concludes that the failure to exhaust is not apparent from the face of the second amended complaint.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 18) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 5, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE