UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES TELANDER, et al.,<br><br>    Defendants. | No. 2:16-cv-2030-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff , a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed two motions for preliminary injunction. ECF Nos. 26 & 29. For the reasons stated hereafter, plaintiff's motions for preliminary injunctive relief must be denied.

**I.    Background**

In his first motion, plaintiff alleges that defendants Coffin and Telander ignored warning signs regarding his mental health and released him from observation on June 12, 2017. ECF No. 26 at 7. Plaintiff states that he attempted suicide the next day. *Id.* Plaintiff also claims that in a separate incident occurring in September 2017, he was escorted to medical after reporting suicidal thoughts and an unnamed doctor declined to take his concerns seriously. *Id.* at 8. Plaintiff was released back to general population and subsequently engaged in self harm by lacerating his arm and wrist. *Id.* Finally, plaintiff states that he has alerted defendants to the fact that his currently

1

assigned clinician makes him "very uncomfortable" and causes him anxiety. *Id.* at 8-9. He claims that he has requested a change of clinician, but defendants Wallace and Telander have declined that request. *Id.* at 9.

Plaintiff requests that the court enter a preliminary injunction requiring defendants to change his clinician. *Id.* at 10-11. He also requests that the court provide declaratory relief by establishing "each part[ies'] rights and liabilities with regard to medical [and] mental health treatment." *Id.* at 11.

Plaintiff's second motion for preliminary injunction (ECF No. 29) is duplicative. It contains substantively identical claims and arguments, and requests for relief as the first motion.

## II. Legal Standards

Injunctive relief – either temporary or permanent – is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). The Supreme Court has held that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20. Additionally, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983).

## III. Analysis

Plaintiff has failed to establish that he will suffer irreparable harm if his requested injunctive relief is not granted. Included with defendants' response to plaintiff's motion is a recent mental health assessment which indicates that he is a low suicidal risk. ECF No. 36 at 24 (Ex. B). Additionally, a declaration from L. Sullivan (a psychologist with the California Department of Corrections and Rehabilitation who is assigned to plaintiff's treatment team) states that plaintiff "has a history of making demands of his treatment team, and if his demands are not

/////

2

met, of threatening suicide . . . granting his demands has not made a difference in the outcome of his treatment." *Id.* at 15 (Ex. A).

In his lengthy reply, plaintiff states that Dr. Sullivan's declaration is untruthful. ECF No. 39 at 6. He takes issue with Sullivan's assertions that: (1) plaintiff is not allowed to keep medications on his person; and (2) that he has "no documented history of actual suicide attempts with intent to die." *Id.* at 6-7. Also attached to his reply are exhibits purporting to show that he will suffer irreparable harm if he is not provided a clinician change. These exhibits, he argues, show that all of his suicide attempts have occurred while under the care of clinicians he is uncomfortable with. *Id.* at 14-15. He claims that a change of clinician is of vital importance now because his grandmother has recently passed away and he needs help coping with that trauma. *Id.* at 16. The exhibit in question – labelled "J" – is a reproduction of progress notes which state that, on May 2, 2017, plaintiff "became upset" after he learned that he would be assigned a new clinician. *Id.* at 48. The notes also indicate, however, that plaintiff regained his composure shortly thereafter. *Id.*

Nothing in plaintiff's motions or reply establishes that he will suffer irreparable harm if his request for a clinician change is not granted. His assertions that he would "thrive" under a different clinician or that he only suffers extreme mental health setbacks under the care of clinicians he is uncomfortable with are simply not indicative of a specific, irreparable harm for which a preliminary injunction could be narrowly tailored to prevent. Clearly, plaintiff would prefer a different treatment provider and believes his care would fare better if that request were granted. His current treatment team – as evidenced by Dr. Sullivan's declaration – disagrees that such a change would be likely to improve plaintiff's outcome. Mere disagreements over the course of treatment do not establish deliberate indifference and, consequently, do not militate in favor of injunctive relief. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (holding that "a plaintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another was insufficient, as a matter of law, to establish deliberate indifference."). And the Supreme Court has cautioned that courts should be wary of "day to day management of prisons." *See Sandin v. Conner*, 515 U.S. 472, 482-83 (1995). The

3

type of relief plaintiff requests runs counter that admonition and would set an unwelcome precedent. Doubtless many, if not all, prisoners would prefer to "shop" medical providers until they found one which they were comfortable with. Being able to do so might, in some cases, improve health outcomes. But it is not the place of the courts to provide them that ability by running roughshod over the recommendations of their current providers. This proposition is especially true where medical assessments indicate that plaintiff is at a low risk for adverse treatment outcomes. Absent some evidence of a specific, imminent, and irreparable harm to his health, the court must recommend that plaintiff's motions be denied. *See, e.g., Hawaii v. v. United States Dep't of Educ.*, CIVIL 17-00430 LEK-KSC, 2017 U.S. Dist. LEXIS 174076, *8 (D. Hawai'i October 20, 2017) ("Because a plaintiff seeking a TRO must establish all of the *Winter* factors to be entitled to relief, the failure to establish irreparable harm is fatal to the TRO Motion, and it is not necessary for this Court to address whether [plaintiff] has established the other *Winter* factors.").

Even if plaintiff could establish that some specific irreparable harm existed, the court also finds that he has failed to show that he is likely to succeed on the merits of this suit. The records provided by defendants – most notably the declaration of Dr. Sullivan – cast plaintiff's claims as mere disagreements over the appropriate course of his mental health treatment. Those records also paint a picture of mental health improvement, further reducing the likelihood that plaintiff will succeed in demonstrating that defendants were deliberately indifferent to his serious medical needs. *See* ECF No. 36 at 15-16.

**IV.     Conclusion**

Based on the foregoing, it is RECOMMENDED that plaintiff's motions for preliminary injunction (ECF Nos. 26 & 29) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

| | |
|---|---|
| 1 | within the specified time may waive the right to appeal the District Court's order. *Turner v.* |
| 2 | *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). |
| 3 | DATED: May 3, 2018. |

                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE