| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>Plaintiff,<br><br>v.<br><br>JAMES TELANDER, et al.,<br><br>Defendants. | No. 2:16-cv-2030-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. He seeks leave to file an amended complaint, ECF No. 53, and defendants move for summary judgment, arguing that plaintiff failed to exhaust his available administrative remedies before filing suit. ECF No. 54. For the reasons that follow, plaintiff's motion for leave to amend should be denied as futile and the defendants' motion for summary judgment should be granted.

**I.     Background**

This case currently proceeds on plaintiff's second amended complaint, filed on September 27, 2016. ECF No. 8. The court screened that pleading on February 21, 2017 and found that plaintiff had stated potentially cognizable Eighth Amendment deliberate indifference to mental health needs claims against defendants Kentner, Romano, Blain, Jersik, Wallis, Telander, Farris, and Coffin for refusing to provide plaintiff with medical/mental health treatment

1

in response to plaintiff's threats of self-harm. ECF No. 10 at 2-3. The court found that plaintiff had failed to state cognizable claims against five other defendants. *Id.* at 3-4. Plaintiff elected to proceed on the potentially cognizable claims in the second amended complaint rather than attempt to cure the deficient claims. ECF No. 13.

Thus, plaintiff's claims are:

(1) That defendant Kenter (a mental health provider) violated his Eighth Amendment rights on June 23, 2015 by ignoring plaintiff's report of suicidal thoughts and returning plaintiff to his regular housing unit. ECF No. 8 at 6.

(2) That defendants Kenter, Romano, and Blain (mental health providers) violated his Eighth Amendment rights on June 23, 2015 by failing to adequately respond to plaintiff's self-cutting. *Id.* at 7.

(3) That defendants Jerusik, Wallis, Romano, and Telander (mental health providers) violated his Eighth Amendment rights over an unknown period of time by failing to provide plaintiff with mental health treatment despite his anxiety, suicidal thoughts, and past self-harm. *Id.* at 8.

(4) That defendant Farris, a psychologist, violated plaintiff's Eighth Amendment rights on December 23, 2015 by denying him needed mental health treatment and returning him to his cell. *Id.* at 10.

(5) That defendants Blain and Coffin (mental health providers) violated plaintiff's Eighth Amendment rights on December 24, 2015 by releasing plaintiff from the prison's mental health unit, where plaintiff had been placed on the previous day when correctional officers observed him trying to hang himself with a sheet. *Id.* at 11.

On June 15, 2018, plaintiff filed a motion for leave to file an amended complaint. ECF No. 53. The proposed third amended complaint does not contain any new claims but does have some additional facts. ECF No. 53-1. Additionally, plaintiff claims in the proposed third amended complaint that he exhausted his administrative remedies, but in the second amended complaint plaintiff indicated otherwise. *Compare id.* at 15 *with* ECF No. 8 at 6, 7, 10, 11. *But see* ECF No. 8 at 13 (plaintiff indicating that he had exhausted a now-dismissed claim alleging

pervasive unconstitutional mental health care at Mule Creek State Prison) *and* ECF Nos. 21 & 25 (court rulings denying defendants' motion to dismiss plaintiff's claims as unexhausted because failure to exhaust was not apparent on the face of the second amended complaint).

Defendants have filed a motion for summary judgment arguing that plaintiff failed to exhaust his claims. ECF No. 54. Defendants have submitted undisputed evidence that plaintiff did not submit a grievance concerning his claims until December 29, 2016 – over four months after he initiated this case. ECF No. 54-3, Defs.' Statement of Undisputed Facts ISO Mot. For Summ. J. (hereinafter "DUF") No. 13, and evidence cited therein. Plaintiff concedes this fact, but argues that he timely exhausted by verbally informing prison officials of his grievance. ECF Nos. 56, 59. Thus, the sole issue on the instant motion for summary judgment is whether plaintiff, by verbally informing prison officials of his grievance, properly exhausted his claims.

**II.     The Motion for Summary Judgment**

      **A.  Summary Judgment Standards**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its

3

motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party

is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

/////

Concurrent with the motion for summary judgment, defendant advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 54-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

### B. The PLRA's Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (the purpose of the exhaustion requirement is to give officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case").

California state prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation (CDCR Form 602), which instructs the inmate to describe the problem and outline the action requested. Title 15 of the California Code of Regulations, §§ 3087 *et seq.* provide instructions specific to health care appeals, while §§ 3084 *et seq.* provide instructions for other grievances.

The grievance process, as defined by the regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See Cal. Code Regs*. tit. 15, §§ 3084.7, 3087.2, 3087.3, 3087.4, 3087.5. Administrative procedures generally are exhausted for non-healthcare grievances once a plaintiff has received a "Director's Level Decision," or third level review, with

/////

6

respect to his issues or claims. *Id*. § 3084.1(b). For healthcare grievances, administrative procedures are exhausted by receipt of a "Headquarter's level" decision. *Id.* § 3087.5(h).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 216 (2007). To bear this burden:

> [A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted). Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) in the extremely rare event that the plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. *Id.* at 1166. "Otherwise, defendants must produce evidence proving failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.* If the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is

7

dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, overruled on other grounds by *Albino*, 747 F.3d 1162.

### C. <u>Analysis</u>

Plaintiff does not dispute that he did not exhaust the claims raised in this case through the three-part grievance process outlined above. Instead, plaintiff claims that, by verbally informing officials of his complaints, he exhausted the claims, because they concerned a health emergency. In support of this argument, plaintiff cites Cal. Code Regs. tit. 15, § 3084.9, "Exceptions to the Regular Appeal Process." That section provides:

> (a) Emergency appeals. Emergency appeals should not be used by inmates or parolees as a substitute for verbally or otherwise informing staff of an emergency situation requiring immediate response.
>
> > (1) When circumstances are such that the regular appeal time limits would subject the inmate or parolee to a substantial risk of personal injury or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal. Emergency circumstances include, but are not limited to:
> >
> > > (A) Threat of death or injury due to enemies or other placement concerns.
> > >
> > > (B) Serious and imminent threat to health and safety.
> >
> > (2) An emergency appeal shall be submitted directly to the appeals coordinator and shall include a clear description of the circumstances warranting emergency processing. A request for emergency processing of an appeal that clearly does not meet the criteria for emergency processing or is made for the purpose of circumventing normal procedures or obtaining an expedited response may be considered misuse or abuse of the appeals process.
> >
> > (3) If the appeals coordinator determines emergency processing is unwarranted, the inmate or parolee shall be notified and the appeal shall be processed pursuant to subsection 3084.5(b)(2).
> >
> > (4) If emergency processing is warranted, the first level shall be waived and the second level review shall be completed within five working days.

The court includes the entire text of the regulation because plaintiff's argument that it allows an inmate to exhaust any emergency grievance by simply verbally informing some correctional staff of the issue is not supported by any language in that section. The text relied on by plaintiff informs inmates that, even if their grievance qualifies for expedited processing as an "emergency appeal," they should still verbally or otherwise inform staff of the emergency. The regulation then describes how the inmate should file the emergency appeal and how staff should process it.

It does not contain any language suggesting that the emergency appeal is exhausted at the moment the inmate verbally informs staff of the issue. Rather, the relevant regulations expressly provide the mechanism by which inmate grievances are exhausted. Cal. Code Regs. tit. 15, § 3087.5(h) ("The headquarters' level review constitutes the final disposition on a health care grievance and exhausts administrative remedies") & § 3084.7(d)(3) ("The third level of review exhausts administrative remedies").

Plaintiff's briefs suggest that, in addition to arguing that he *did* exhaust his remedies, he also believes that he should be excused from completing the three-level exhaustion in this case because the "informing staff" language of § 3084.9(a) made the exhaustion process unclear to him. *See* ECF No. 59 at 10 (citing cases in which courts excused plaintiff's from exhausting their administrative remedies because they were given incorrect information or reasonably believed they could verbally exhaust). The U.S. Supreme Court has held that an inmate may be excused from exhausting his administrative remedies where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use." *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1859-60 (2016). Thus, where the administrative process is not "so opaque," but is instead "susceptible of multiple reasonable interpretations, . . . the inmate should err on the side of exhaustion." *Id.* Here, plaintiff has not shown how the regulations governing exhaustion are so opaque as to be incapable of use. Even if § 3084.9(a)'s "informing staff" language could be viewed as having more than one reasonable interpretation regarding whether an inmate needed to follow up on the verbal report with a formal grievance (and such a view is very generous to plaintiff), *Ross* requires that plaintiff "err on the side of exhaustion"; e.g., that he do everything the regulation could be reasonably read to require to exhaust the grievance. Plaintiff did not do so.

Moreover, plaintiff's claim that he did not file a formal grievance until after initiating this case because he thought his verbal report was sufficient is flatly contradicted by his verified second amended complaint, in which he wrote – under penalty of perjury – that he did not exhaust the claims because he had already reached the limit for the number of grievances he could file. ECF No. 8 at 6-11, 14. Plaintiff may not defeat the motion for summary judgment by

9

proffering facts that contradict his prior sworn statements. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (noting the general rule that a party cannot create an issue of fact at summary judgment by contradicting his prior deposition testimony).

Because plaintiff did not exhaust his claims prior to initiating this action and has not provided the court with a valid basis for excusing the failure to exhaust, defendants' motion for summary judgment must be granted and the case be dismissed without prejudice.

### III. Plaintiff's Motion to Amend

Plaintiff's proposed third amended complaint contains the same unexhausted claims discussed above. While leave to amend a complaint under Federal Rule of Civil Procedure 15 should generally be freely given, the amendment here would be futile because the claims would remain unexhausted and subject to dismissal. *Foman v. Davis* 371 U.S. 178, 182 (1962) (leave to amend may be denied where the amendment would be futile); *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (a prisoner cannot comply with the exhaustion requirement by exhausting remedies with respect to his claims after he files the claims).

### IV. Order and Recommendation

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 53) be DENIED;
2. Defendants' June 25, 2017 motion for summary judgment (ECF No. 54) be GRANTED; and
3. This case be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 11, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE